# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| GARY FISHBECK,<br><br>    Plaintiff,<br><br>v.<br><br>CLEAR BLUE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 6:24-cv-811-GAP-RMN |

## REPORT AND RECOMMENDATION

This cause comes before the Court on its own motion. As the magistrate judge assigned to this matter for all pre-trial proceedings and motions,[1] and for the reasons discussed below, I respectfully recommend the Court institute civil contempt proceedings against counsel for Plaintiff, Alexander Lane Avarello and Sam Rahman Khatib Shahidi.

### I.   FACTUAL BACKGROUND

Defendant, Clear Blue Insurance Company, removed this insurance contract dispute from state court in April 2024. Dkt. 1. Since then, counsel for Plaintiff, Gary Fishbeck, have struggled to comply with the requirements imposed by the Federal Rules of Civil Procedure, the Local

---

[1] *See In re: Admin. Orders of the Chief Judge*, No. 3:21-mc-1, Doc. 157 at 4–5.

Rules, and the Court's orders. For example, the Court dismissed this case in July for failure to prosecute after Plaintiff did not file a case management report, as required by Local Rule 3.02(b), or respond to an order to show cause (Dkt. 22) that warned Plaintiff the case may be dismissed, or other sanctions may be imposed, if Plaintiff did not timely respond. Dkt. 24. Though the Court reopened the case at Plaintiff's request, it did so only after striking Plaintiff's initial motion, which did not comply with the certification requirement in Local Rule 3.01(g). *See* Dkts. 28 (stricken motion), 29 (order striking motion), 32 (motion), 33 (order reopening case).

On October 25, Defendant moved for a protective order. Dkt. 54. Upon review of the motion, and because counsel for both parties appear unfamiliar with this Court's practices, I set the motion for hearing on November 6. Dkt. 55 (hearing notice). Counsel received notice of the hearing via the CM/ECF system. Dkt. 55 (notice of electronic filing). Neither counsel for Plaintiff appeared at the hearing. Dkt. 57 (minutes). Following the November 6 hearing, I issued an order to show cause requiring Plaintiff to state why he and his counsel should not be sanctioned for failure to appear at a duly noticed hearing. Dkt. 59 at 1. The order required Plaintiff to respond in writing and required him and his counsel to appear before me at a show cause hearing. *Id.* at 1–2. The

Court then noticed a show cause hearing for November 15, which was served via the Court's cm/ecf system. Dkt. 60.

Plaintiff filed a response to the show cause order, as required. Dkt. 61. In the response, counsel for Plaintiff states that neither he nor his co-counsel appeared at the November 6 hearing as the result of their "good-faith, but mistaken, belief that the matter had been resolved and would no longer require a court appearance." *Id*. at 1. According to Mr. Avarello, he believed the motion was "moot" because the parties agreed before the hearing and had "submitted" an agreed order to the Court. *Id*. at 2. Mr. Avarello stated that he "became aware that the hearing remained on the Court's docket on the day of the hearing" and could not attend because he was "attending a docket sounding virtually" in Miami. *Id*.

The response leaves unstated the basis for Mr. Avarello's beliefs. After the Court noticed the November 6 hearing, both parties' counsel (and their staff) began emailing the chambers of the judges assigned to this matter. These informal communications attached a proposed agreed order and then a revised proposed agreed order. The parties did not file a formal notice on the docket concerning their agreement on the relief sought in the motion, file a proper motion for entry of an agreed protective order, or seek to withdraw the pending motion. In other words,

Mr. Avarello's decision to skip the November 6 hearing assumed that the Court would act on informal communications that violated the Local Rules. *See* Local Rule 3.01(j) (prohibiting parties from submitting proposed orders, unless otherwise permitted).

I intended to question counsel and Plaintiff further about the statements in the response at the show cause hearing, but neither counsel nor Plaintiff appeared, as required. Dkts. 60 (notice of electronic filing), 64 (minutes). The Court thus does not have before it a statement that addresses why counsel did not appear at the show cause hearing.

At the show cause hearing, I explained to counsel for Defendant that, based on the written response, I intended to discharge the order to show cause as to Plaintiff but hold his counsel in contempt and impose a fine. Dkt. 64 (minutes). I made that statement because I contemplated holding counsel in summary contempt pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42(a). But after reviewing the appliable law and the Eleventh Circuit's decisions about such procedures, I have concluded the Court should institute civil contempt proceedings against counsel instead. I therefore certify the foregoing facts and recommend the Court order Messrs. Avarello and Shahidi to appear and show cause why they should not be adjudged in contempt and sanctioned.

## II. LEGAL STANDARDS

If a litigant's behavior before a magistrate judge "constitutes a civil contempt," then the magistrate judge must certify facts to the district judge to institute contempt proceedings. 28 U.S.C. § 626(e)(6)(B)(iii); *see also Lapinski v. St. Croix Condo Ass'n, Inc.*, No. 6:16-cv-1418, 2018 WL 4381168, at *2 (M.D. Fla. Aug. 1, 2018) ("The duty of the magistrate [judge] under this subsection is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order.").

District courts have the inherent power to enforce compliance with their orders through civil contempt. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980). "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam). Clear and convincing evidence must establish that: "1) the allegedly violated order was valid and lawful; 2) the order was clear and unambiguous; and 3) the alleged violator had the ability to comply with the order." *See Ga. Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007) (emphasis in original). "Ambiguities should be resolved in favor of the party charged with contempt." *United States v. Barnette*, 902 F. Supp. 1522, 1532 (M.D. Fla. 1995). Once a prima facie showing of a violation is made, the burden shifts to the alleged contemnor

"to produce evidence explaining his noncompliance" at a show-cause hearing. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

### III. DISCUSSION

I find that civil contempt proceedings are warranted. Counsel failed to appear at two hearings in this matter, as required. Counsel received notices of both hearings via the Court's CM/ECF system, yet they did not appear. Counsel was also directed by a Court order to appear at the show cause hearing in person, yet they did not appear. The Court's notices and order to show cause were clear, unambiguous, and lawful orders.

In the response, Mr. Avarello appears to argue he cannot be held in contempt for his failure to appear at the November 6 hearing because he believed that the motion was resolved by submission of an "agreed order" to the Court. Dkt. 61 at 1–2. That excuse is facetious twice over.

Neither party notified the Court in a properly filed document that the issues raised in the motion were resolved. Instead, the chambers of both judges assigned to this matter were contacted multiple times by email by counsel for both parties. It should go without saying that no party or attorney should expect a court to adjudicate a pending motion based on an informal communication that does not appear on the official case docket. Yet that is Mr. Avarello's reason for failing to appear at the

November 6 hearing. I find this excuse is specious, especially considering Defendant's counsel understood that the more professional and prudent course was to appear at both hearings.

Nor have Messrs. Avarello and Shahidi established that they lacked the ability to comply with the Court's orders. Mr. Avarello has not established he could not attend the November 6 hearing. Counsel had known of the hearing since it was noticed on October 28. He had sufficient time to move for a continuance, but he did not do so. He also does not establish when his conflict arose. Further, the parties' voluntary dismissal of this action before the order to show cause hearing does not excuse counsel from attending as ordered.[2]

Finally, Mr. Avarello's failure respond to prior court orders and to appear at the show cause hearing in person, as ordered, belie the statement in the response that his absence on November 6 was in good faith. Mr. Avarello was directed to appear in person, and he did not do so twice. With apologies to Ian Fleming, twice is not a coincidence, it's intentional.[3]

---

[2] Indeed, the Supreme Court stated long ago that it "well established that a federal court may consider collateral issues after an action is no longer pending," including whether to impose "contempt sanctions." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990).

[3] In *Goldfinger*, the eponymous antagonist threatened James Bond by reciting a saying from Chicago: "Once is happenstance. Twice is

In sum, counsels' failure to appear at two noticed hearings and their disregard for my order directing their appearance at a hearing cause me to conclude that civil contempt proceedings against counsel are warranted. I recommend the Court fine each counsel $200 per nonappearance, payable to Defendant, to vindicate the Court's authority, ensure counsel's compliance with future orders in this and other cases, and compensate Defendant for the expense of attending the two hearings. I also recommend providing Defendant with an opportunity to request sanctions to cover its costs for attending the hearings (if Defendant the recommended fines are inadequate) or seek other sanctions or remedies.

## IV. RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** that the Court:

1.  **SET** a hearing pursuant to 28 U.S.C. § 636(e), during which Messrs. Avarello and Shahidi must show cause why the Court should not be adjudged in contempt and sanctioned; and

2.  **DIRECT** Defendant, if it chooses, to identify in advance if the Section 636(e) hearing any other sanction or remedy that it seeks, and to provide the Court with evidence supporting such a sanction or remedy, including testimony or documents addressing the character and magnitude of the harm it wishes to vindicate.

---

coincidence. The third time it's enemy action." Ian Fleming, *Goldfinger* 166 (Penguin Books 2002).

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on November 18, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record