### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

GARY FISHBECK,

               Plaintiff,

v.                                          Case No:   6:24-cv-811-GAP-RMN

CLEAR BLUE INSURANCE
COMPANY,

               Defendant

_____

### ORDER

This cause came before the Court for consideration on the Magistrate Judge's Report and Recommendation ("R&R") that civil contempt proceedings be initiated against counsel for Plaintiff, Alexander Lane Avarello ("Avarello") and Sam Rahman Khatib Shahidi ("Shahidi"). Doc. 68. The Court considered Plaintiff's Objections and held a hearing on December 17, 2024 (the "Hearing"). Doc. 69; Doc. 70.

Defendant Clear Blue Insurance Company ("Defendant") removed this matter to federal court on April 30, 2024. Doc. 1. As described by the Magistrate Judge in his R&R, Plaintiff Gary Fishbeck ("Plaintiff") and his counsel struggled to adapt to the rules and practices of the Middle District of Florida. Doc. 69. Among

other shortcomings, Plaintiff's counsel missed deadlines, ignored the requirements of Local Rule 3.01(g), failed to appear at two hearings, and improperly communicated with chambers staff. Doc. 68 at 2-4.

At the Hearing, Avarello, Plaintiff's lead counsel, took responsibility for their transgressions in this case and apologized to the Court. Avarello admitted that he had not taken the basic first step of reading the Local Rules when his case was removed to federal court, though he assured the Court that he had done so by the time of the hearing. Additionally, Avarello acknowledged that he and his team have not had extensive experience litigating in federal courts and embraced the present circumstances as a learning opportunity.

Regarding the specific infringements recited in the R&R, Avarello explained that his firm has a strong working relationship with opposing counsel and that the non-compliant conduct in this case can be attributed to both parties' inexperience in federal court. The first hearing Plaintiff's counsel missed was due to a misunderstanding with opposing counsel regarding filing items on the docket; and they failed to appear at the second hearing because they mistakenly believed that the case had been completely resolved. Avarello also apologized for their improper communications with judicial chambers, though noted that some judges welcome such communication and that his firm is continually endeavoring to ensure they are complying with the procedures of every court and judge they appear before.

Plaintiff's counsel's conduct in this case was not acceptable. A counselor's failure to appear at hearings and inability to understand, acknowledge, and respond accordingly to the orders of this Court threatens to undermine our entire judicial system. It cannot function if lawyers do not take the time required of them to familiarize themselves with court procedures and, most crucially, to comprehensively digest and follow a court's orders.

Nevertheless, Avarello and Shahidi have demonstrated their sincerity in treating this matter as a learning opportunity. Neither Defendant, nor his counsel, have filed any papers seeking attorney's fees or any other sanctions, nor did they appear at the Hearing to register any further complaint. The Court also recognizes that Plaintiff's counsel's appearance at the Hearing operates as a minor sanction where they had to travel from their office in south Florida, incurring some expense in addition to closing their office for the day. In the absence of any objection or evidentiary submission by Defendant, and because the Court finds that neither Avarello nor Shahidi acted in bad faith here, the initiation of civil contempt proceedings would be inappropriate.

Plaintiff's counsel, Avarello and Shahidi, are admonished to steadfastly adhere to their pledge to learn from this experience and, in future, afford their duty to familiarize themselves with court rules and procedures the proper consideration.

Accordingly, it is **ORDERED** that:

1. The R&R (Doc. 68) is hereby **ADOPTED in part**;

2. The Order to Show Cause (Doc. 59), to the extent that it was still active against Plaintiff's counsel, is hereby **DISCHARGED**; and

3. The Court concludes that civil contempt proceedings against Plaintiff's counsel are unwarranted and no further action shall be taken.

**DONE** and **ORDERED** in Orlando, Florida on December 17, 2024.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties